NOT FOR PUBLICATION

```
                 THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

```
                                  :
EDWARD FORCHION                   :   HON. JEROME B. SIMANDLE
A/K/A "NJWEEDMAN.COM"             :   CIVIL ACTION NO. 06-623(JBS)
                                  :
         Plaintiff,               :   MEMORANDUM OPINION
     v.                           :
                                  :
STATE OF NEW JERSEY, et al.       :
                                  :
         Defendants.              :
                                  :
```

**APPEARANCES**:

Edward Forchion
1020 Hanover Blvd.
Brown Mills, NJ 08015
     Plaintiff, Pro Se

Keith S. Massey, Jr.
OFFICE OF THE NJ ATTORNEY GENERAL
25 Market Street
PO Box 112
Trenton, NJ 08625
     Attorney for the Defendants

**Simandle, District Judge**:

　　　Plaintiff Edward Forchion ("Plaintiff") filed a Complaint in the United States District Court for the District of New Jersey against Defendants Linda Holden and the State of New Jersey alleging violations of the Civil Rights Act of 1964, codified at 42 U.S.C. 2000d et seq. [Docket Item No. 1.] After denying Plaintiff's motion to proceed in forma pauperis, [Docket Item No. 2], the Court dismissed the Complaint for failure to pay required filing fees, [Docket Item No. 3]. Plaintiff subsequently

remitted the fee, and the Court reopened his Complaint. [Docket Item No. 7.]  Plaintiff then amended his Complaint to include as defendants Burlington County Superior Court Judges Almeida, Bell, Lihotz, Morely, and Sweeney, seeking a declaratory judgment that Defendants have "religiously persecuted" him and to enjoin the United States Attorney General to institute a civil action on his behalf.  [Docket Item No. 4.]  On January 18, 2007, Plaintiff submitted the instant petition for a preliminary injunction.  [Docket Item No. 11.]  Defendants made a cross-motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2) and (6) for lack of jurisdiction and failure to state a claim upon which relief can be granted.  Plaintiff filed a reply in opposition to Defendants' cross-motion to dismiss and in support of his petition.  [Docket Item No. 14.]  For the following reasons, the Court will deny Plaintiff's petition for a preliminary injunction and grant Defendants' motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1):

    1.  It appears from Plaintiff's papers submitted in this docket that, on or about February 22, 2006, Plaintiff lost visitation rights with his minor daughter Ajanea Holden, pursuant to an opinion rendered by Judge Morley.  (Id. at 3.)  It also appears that in 2004, Judge Sweeney granted Ajanea's mother's petition to legally change Ajanea's last name from Forchion to

Holden. (Compl. at 2.)

    2.   Unhappy with these decisions, Plaintiff now asks this Court for a preliminary injunction to restore his "parenting rights," ostensibly by granting him temporary visitation, and perhaps also by ordering his daughter's last name to revert to Forchion.

    3.   The Court cannot grant Plaintiff's requested relief.  In fact, the Court cannot even consider the merits of Plaintiff's claim because he effectively desires that this Court review an unfavorable state court decision in an appellate capacity - a capacity in which this Court has no authority to function.  Although Plaintiff charges Defendants with violating a federal statute (Civil Rights Act of 1964), Plaintiff is essentially asking this Court to undo Judge Morley's custody decision and order vacating Plaintiff's visitation rights and Judge Sweeney's decision ordering Ajanea's legal name change.

    4.   Instead, Plaintiff's complaint must be heard by way of an appeal in the state system that rendered that decision.  Simply put, Plaintiff disagrees with the results before Judges Morley and Sweeney, but Plaintiff's redress is available only from the Appellate Division of the New Jersey Superior Court, and not from this Court.

    5.   A party may, at any time, move to dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

Under the Rooker-Feldman doctrine, a district court lacks subject matter jurisdiction, "if the relief requested effectively would reverse a state court decision or void its ruling." Pettigrew v. Deutche Bank National Trust Company, Civ. No. 07-60 (JBS), 2007 U.S. Dist. LEXIS 838 at *5 (D.N.J. January 8, 2007) (citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006)).  Specifically, the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Indus. Corp., 544 U.S. 280, 284 (2005).  Claims precluded are those that were "actually litigated or those inextricably intertwined" with state court adjudication.  Parkview Assoc. P'ship. v. City of Lebannon, 225 F.3d 321, 325 (3d Cir. 2000).

6.  Claims in federal court are inextricably intertwined with a state adjudication "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." Id.  Moreover, "if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim, even if it was not raised in the state court." Id. at 293.  Indeed, "a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate

4

court, and ultimately to the [United States] Supreme Court under § 1257, not a separate action in a federal court." Id. at 324.

7.  The issues raised by Plaintiff's instant motion are inextricably intertwined with Judges Morley and Sweeney's state court decisions because in order to grant the Plaintiff the relief he requests, this Court would have to determine that the state court incorrectly decided to rescind Plaintiff's visitation rights and authorize Anjanea's change of last name.

8.  Plaintiff argues that Forchion v. Intensive Supervised Parole, 240 F. Supp. 2d 302 (D.N.J. 2003), involving federal litigation in which Plaintiff successfully argued for a preliminary injunction ordering his release from prison and effectively overruling a three-judge administrative panel's decision to re-incarcerate him for violation of the terms of his release, overrules the Rooker-Feldman doctrine. (Pl.'s Br. at 2.)  However, Forchion did not overrule the Rooker-Feldman doctrine, but merely clarified that the Rooker-Feldman doctrine does not apply to non-judicial, state adjudications from which there is no state appeal process. Id. at 306.  The court's decision in Forchion does not assist Plaintiff because he is in an entirely different procedural circumstance than he was in 2003.  Indeed, he now requests relief requiring the reversal of two decisions rendered by state judicial bodies, from which he

5

had the right to appellate review.  Thus, the Rooker-Feldman doctrine clearly applies to bar these claims.

    9.  Because this Court lacks subject matter jurisdiction to adjudicate this case or the motion for a preliminary injunction, the Court shall grant the Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1).

    10.  The accompanying Order is entered.


**August 1, 2007**                 **s/ Jerome B. Simandle**
DATE                                         JEROME B. SIMANDLE
                                                     United States District Judge